UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: CATERPILLAR, INC., C13 and C15 ENGINE PRODUCTS LIABILITY LITIGATION | Master Docket No. 14-3722 (JBS-JS) MDL No. 2540 **FINAL APPROVAL ORDER AND JUDGMENT** |

THIS MATTER having been opened to the Court by counsel for the Plaintiffs and the Class for final approval of the proposed class action settlement (the Settlement), in accordance with the Class Action Settlement Agreement dated April 8, 2016 (the Agreement or SettlementAgreement) [D.E. 211] and on the motio n for an award of attorneys fees and costs and approval of incentive awards dated August 30, 2016 [D.E. 218]; and

WHEREAS, the Court finds that is has jurisdiction over this Action and each of the Parties and all Settlement Class Members under 28 U.S.C. § 1332(d) and that venue is proper in this district; and

WHEREAS the Court finds as follows: The Settlement was entered into at arms length by experienced counsel and only after extensive negotiations with a well-respected mediator, the Honorable Dennis M. Cavanaugh (Ret.). The Settlement is not the result of collusion. The Settlement is fair, reasonable, and adequate;

WHEREAS the Court finds: attorneys' fees in the amount of **$19,980,000.00** and costs in the amount of **$1,426,776.60** and the incentive awards in the sum of **$20,000.00** to each of the 33 Class Representatives is fair and reasonable; and

WHEREAS, this Court conducted a hearing on September 20, 2016 and has fully considered the record of these proceedings, the representations, arguments and recommendations of counsel, and the requirements of the governing law; and for good cause shown; and

For reasons expressed in the Oral Opinion of today's date;

**IT IS**, this 20th day of **September, 2016**:

**ORDERED** that the Final Approval and Judgment is **GRANTED**, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Agreement.

2. The "Settlement Class" certified for the sole purpose of consummating the settlement in this Action consists of and is hereinafter defined as:

> All persons in the United States who are original purchasers or original lessees, subsequent purchasers or subsequent lessees, (including but not limited to those having purchased via a TRAC option or some rights to residual purchase of vehicles at lease end) of a vehicle powered by a Subject Engine[1]. Excluded from the Class are Defendant, all present or former affiliates and/or directors of Defendant, the Judge of this Court, the Judges fam ily and staff, and all persons who have already made a timely and valid exclusion to be excluded from the Class in accordance with the provisions of the Notice of Pendency, all persons who have already released claims against Defendant for the relief provided herein, and all persons who will make a timely and valid election to be excluded from the Class in accordance with the provisions of the Notice. Settlement Class does not include persons or entities that have previously executed settlement releases concerning the Subject Engines. Such persons or entities that have previously executed settlement releases are specifically excluded from the Class.

3. A list of all persons who have timely and validly requested to be excluded from the Settlement Class shall be memorialized in a separate order.

4. The Court finds that there have been no Objections filed to the Settlement and that the August 21, 2016 deadline for Objections has passed.

---

[1] "Subject Engines" are all EPA 2007 Compliant Caterpillar on Highway C13 and C15 engines (manufactured in 2006, 2007, 2008, and 2009) at issue in this Action, including CRS components incorporated therewith.

2

5. The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.

6. The Court finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

7. Based upon the Courts familiarity with the claims and parties, the Court finds that Ronald Bagley; Bailey Coach, Inc.; BK Trucking Co.; Leroy Bolton Trucking Co.; David Brewer; Brian Brown; Bryants Transport, Inc.; C&F Movers, Inc.; Columbia Petroleum Transportation, LLC; DeCamp Bus Lines; Eagle Valley South, Inc.; Easton Coach Company; Eclipse Charter & Tours, LLC; First Priority Tours, Inc.; G&G Specialized Carriers; Gentry Coach d/b/a Gentry Trailways; Harmon Bros. Charter Services, Inc.; John Lamanteer; K Double D, Inc.; Kelton Tours Unlimited Limited Liability Company; Edward Charles McLean; MNS Enterprises, Inc.; NW Navigator Luxury Coaches LLC; Roadrunner Charters, Inc.; Salud Services, Inc. d/b/a Endeavor Bus Lines; S&M Mercado, Inc.; German Saravia; Scenic Boundaries Trans. Inc.; Tri-City Charter of Bossier Inc.; U.S. Transport; Vandalia Bus Lines, Inc.; Ricky A. Williams; and Windy City Limousine LLC. adequately represent the interests of the Settlement Class and hereby appoints them as Class Representatives for the Settlement Class.

8. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Lead Class Counsel pursuant to Rule 23:

| | |
|---|---|
| Theodore J. Leopold<br>COHEN MILSTEIN SELLERS &<br>TOLL PLLC<br>2925 PGA Boulevard, Suite 200<br>Palm Beach Gardens, FL 33410 | James E. Cecchi<br>CARELLA, BYRNE, CECCHI,<br>OLSTEIN, BRODY & AGNELLO, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 |
| Richard J. Burke<br>QUANTUM LEGAL, LLC<br>513 Central Avenue, Suite 300<br>Highland Park, IL 60035 | James C. Shah<br>SHEPHERD, FINKELMAN, MILLER<br>& SHAH, LLP<br>35 East State Street<br>Media, PA 19063 |

The Court finds, upon review of the Settlement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the proposed reimbursement program available from the Settlement are fair, reasonable and adequate. Accordingly, the Settlement is finally approved by the Court.

10.    The Final Approval Order and Judgment as provided under the Agreement should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have res judicata, collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys fees, costs, interests, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys fees, costs, interests, or expenses that were asserted in this action.

11.    The operative complaint in this action, the Second Amended Class Action Complaint [D.E. 212], is dismissed with prejudice, and the claims against Defendant are released.

12. Settlement Class Members requesting exclusion from the Class, to be identified in a separate order, shall not be entitled to receive any reimbursement as described in the Agreement.

13. The Settlement Administrator shall distribute to each Settlement Class Member who timely submitted a properly executed Claim Form the benefits to which they are entitled under the terms of the Agreement.

14. Class Counsel is hereby awarded: (i) **$19,980,000.00** in attorneys fees; and (ii) costs in the amount of **$1,426,776.60**.

15. Each Class Representative is to receive an incentive award in the sum of **$20,000.00**.

16. The awarded attorneys fees and costs, and Class Representative incentive awards are to be paid and distributed in accordance with the Settlement.

17. The Court authorizes Lead Class Counsel to allocate the fee award among Class Counsel.

18. Each and every term and provision of the Agreement and Settlement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

19. The terms of this Final Approval Order and Judgment, and the Settlement are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

20. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

21. Other than as set forth herein, the parties shall bear their own costs and attorneys fees.

22. The releases set forth in the Settlement Agreement are incorporated by reference. All Class Members, as of the Effective Date, shall be bound by the releases set forth in the Settlement Agreement whether or not they have availed themselves of the benefits of the Settlement.

23. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

24. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant in any court or tribunal asserting any of the claims released by the Settlement or Agreement, and are hereby permanently enjoined from so proceeding.

25. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the parties and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the parties ability to exercise their rights under Paragraph 15 above.

26. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by the Defendant of the truth of any fact

alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action or in any litigation, or otherwise against the Defendant, or of any proposed liability, negligence, fault, wrongdoing or otherwise of the Defendant;

      b.    Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by Defendant or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Settlement Agreement;

      c.    Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

      d.    Construed as a concession or an admission that Class Representatives or the Settlement Class Members have suffered any damage; or, as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to the Class Representatives or the Settlement Class Members, after trial.

27.    There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith and designate this case as **CLOSED**. The operative complaint in this action, the Second Amended Class Action Complaint [D.E. 212], is **DISMISSED WITH PREJUDICE.**

*[signature]*
JEROME B. SIMANDLE
Chief U.S. District Judge