IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re: CATERPILLAR, INC., C13 AND C15 ENGINE PRODUCTS LIABILITY LITIGATION | HONORABLE JEROME B. SIMANDLE<br><br>MDL No. 2540<br><br>Master Docket No. 1:14-cv-3722 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

James E. Cecchi, Esq.
Zach S. Bower, Esq.
Lindsey H. Taylor, Esq.
CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
     -and-
Natalie Finkelman Bennett, Esq.
James C. Shah, Esq.
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107
     -and-
Leslie Kroeger, Esq.
Theodore Jon Leopold, Esq.
Douglas J. McNamara, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
     -and-
Richard J. Burke, Esq.
Zachary A. Jacobs, Esq.
QUANTUM LEGAL LLC
513 Central Avenue, Suite 300
Highland Park, IL 60035
     Attorneys for Class Plaintiffs

Joseph F. Falgiani, Esq.
James Holsey Keale, Esq.
SEDGWICK LLP
One Newark Center
1085 Raymond Boulevard, 16th Floor
Newark, NJ 07102
     -and-
Robert G. Abrams, Esq.
Darin R. Bartram, Esq.
Robert J. Brookhiser, Jr., Esq.
Gilbert S. Keteltas, Esq.
Jonathan L. Lewis, Esq.
Elliot Morrison, Esq.
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W., Suite 1110
Washington, D.C. 20036
     Attorneys for Defendant, Caterpillar, Inc.

Brad K. Howell, Esq. [Pro Hac Vice]
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
     Attorney for Defendant, Caterpillar, Inc. in Texas Actions

Ryan S. Henry, Esq. [Pro Hac Vice]
THE LAW OFFICES OF RYAN HENRY, PLLC
1380 Pantheon Way
Suite 110
San Antonio, TX 78232
     Attorney for Plaintiff Janie A. Aguiar

Paige Nicole Boldt, Esq.
Shalimar Wallis, Esq. [Pro Hac Vice]
WATTS GUERRA LLP
5726 W. Hausman Road
Suite 119
San Antonio, TX 78249
     Attorney for Plaintiffs Armatura LLC, Petrochem Transport,
     LLC, Chris Wright, and PTI Logistics, Inc., d/b/a Rio
     Logistics

**SIMANDLE, District Judge:**

## I.  INTRODUCTION

In this consolidated multi-district litigation ("MDL"),
Plaintiffs are initial or subsequent purchasers or lessees of
vehicles with an EPA 2007 Compliant Caterpillar on-highway C13
or C15 engine manufactured in 2006, 2007, 2008, or 2009 ("MY
2007 CAT Engines" or "Subject Engines") by Defendant
Caterpillar, Inc. ("Caterpillar" or "CAT"). Caterpillar and the
Class reached a class-wide settlement of Plaintiffs' breach of
express warranty claims and "any claims for relief . . . that
are based on or in any way related" to the allegations that the
Subject Engines are defective, which was approved by this Court
on September 20, 2016. [Docket Item 220.]  Shortly after
entering judgment and closing the case, the Court received
belated motions to opt-out of the class action settlement from
Janie A. Aguiar [Docket Item 223] and Armatura, LLC [Docket Item
225] and a motion by Caterpillar to enforce the Final Approval
Order and Judgment against Armatura. [Docket Item 224.][1] Both Ms.
Aguiar and Armatura are actively litigating cases against
Caterpillar related to the Subject Engines in the Texas state

_____

[1] Following oral argument on these and related motions on January
27, 2017, both Ms. Aguiar and Armatura filed emergency motions
for an extension of time to file a claim form. [Docket Items 268
& 269.] Both motions will be dismissed as moot in light of the
current disposition.

courts, and both assert in their respective motions that they never received notice of this action and the opportunity to opt-out of the settlement until after the deadline by which to opt-out had passed. For the reasons discussed below, the Court will not bind these class members to the Settlement Agreement and will permit both to file late opt-out notices.

## II. BACKGROUND

The Court need not repeat the factual allegations of this case, which are detailed at length in this Court's July 29, 2015 Opinion and Order on Caterpillar's motions to dismiss. See In re Caterpillar, Inc., C13 and C15 Prods. Liab. Litig., 2015 WL 4591236, at *2–*7 (D.N.J. July 29, 2014). [Docket Items 178 & 179.] For the purposes of these motions, it suffices to note the following.

The United States Judicial Panel on Multidistrict Litigation transferred this MDL litigation to the undersigned on June 11, 2014. [Docket Item 1.] Ultimately, Plaintiffs in the consolidated actions asserted claims against Caterpillar for breach of express warranty based on alleged defects in C13 and C15 engines manufactured by Caterpillar which resulted in repeated fault warnings, engine failures, and costly repairs. (See Second Amended Consolidated Class Action Complaint [Docket Item 212].) After substantial motion practice, discovery, and extensive negotiations with a mediator, the parties moved for

certification of a settlement class and preliminary approval of the class action settlement ("the Settlement") [Docket Item 211, Docket Item 211-3], which was preliminarily approved by this Court on April 11, 2016 with a final approval hearing set for September 20, 2016. [Docket Item 217.] As is relevant to these motions, the Court approved the form and content of the parties' proposed Class Notice, and the designation of Epiq Systems Class Action and Claims Solutions to serve as the Court-appointed Settlement Administrator to supervise the notice procedure, the processing of claims, and other administrative functions. (Id. at 6.) Notice was to be disseminated by direct mail, publication, internet publication and radio spots. (Id. at 7; see also Settlement [Docket Item 311-3] at 20-21.) Class members were given until August 6, 2016, or 45 days before the final approval hearing, to send a signed request to the Settlement Administrator for exclusion from the Settlement. (Preliminary Approval Order at 7-8.)

By the time this Court held the final approval hearing on September 20, 2016, no objections to the proposed Settlement, the award of attorney's fees and expenses, and incentive awards for the named Plaintiffs had been received, and only two class members had filed notice to opt out of the Settlement. (Final Approval Order and Judgment at 2 [Docket Item 220]; Order Regarding Opt-Outs [Docket Item 221].) The Court approved the

Settlement and found that the proposed reimbursement plan was fair, reasonable and adequate and that the notice provided to class members was "the best notice practicable under the circumstances" and satisfied the requirements of Rule 23 and due process. (Final Approval Order and Judgment at 3-4.) In particular, at the final approval hearing, the undersigned noted that "this is a very strong settlement" offering class members "meaningful financial relief," and that "the notice to class members was extremely thoroughgoing. As I sit here today, I can't think of anything else that could have or should have been done to raise the figure to 100 percent of the class, that's about as near as it can ever get." (Transcript of September 20, 2016 Hearing at 47:9-23 [Exhibit D to Certification of James Keale, Docket Item 235-5].) The Final Approval Order and Judgment, signed that same day, incorporated in its entirety the Settlement, including a provision explicitly enjoining any class member "from prosecution of any and all claims . . . that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding . . . in connection with the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, omissions, or any other matter whatsoever set forth or otherwise related to the claims asserted or those that could have been asserted in

this Action regarding the Subject Engines . . . ." (Settlement at 27-29.)

At the final approval hearing, class counsel brought to the Court's attention a letter they had received from a class member in Texas, Janie A. Aguiar, who claimed not to have received notice of this MDL until after the deadline to opt-out of the settlement and who wished to continue prosecuting her own, trial-ready, case against Caterpillar over two Subject Engines in the Texas state courts. The Court noted on the record that decision on a motion for relief from the Judgment would be reserved unless and until Ms. Aguiar herself requested relief from the Court. (See Transcript at 4-11.) Ms. Aguiar's motion to opt out of the class action settlement [Docket Item 223] followed a month later on October 21, 2016. Regarding a second party, the Court also received cross-motions for leave to opt-out of and to enforce the final approval order by Armatura, LLC, another Texas class member pursuing its own case over Subject Engines, and Caterpillar, respectively. [Docket Items 224 & 225.][2] These motions are now fully briefed. The Court heard oral

---

[2] Shortly thereafter, Caterpillar also filed a motion to enforce the final approval order and judgment and for a permanent injunction against Red Watson Logging, Inc. [Docket Item 226], another Texas class member, and two motions to intervene were filed by Rush Truck Centers of Texas, L.P., and T.W. Hedfelt, for the purposes of joining Caterpillar's motion to enforce the final approval order against Armatura. [Docket Items 228 & 232.] The Court granted those motions after the January 27 argument

argument on these and related motions on January 27, 2017,

including participation by Texas counsel for Ms. Aguiar,

Armatura and Caterpillar, respectively, and now finds as

follows.

**III. STANDARD OF REVIEW**

Rule 60(b), Fed. R. Civ. P., provides, in pertinent part,

that "the court may relieve a party or its legal representative

from a final judgment, order, or proceeding for . . . mistake,

inadvertence, surprise or excusable neglect." "The general

purpose of Rule 60(b) . . . is to strike a proper balance

between the conflicting principles that litigation must be

brought to an end and that justice must be done." Boughner v.

Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.

1978) (quoted in Coltec Indus., Inc. v. Hobgood, 280 F.3d 262,

271 (3d Cir. 2002)). Relief under 60(b) is available only under

such circumstances that the "overriding interest in the finality

and repose of judgments may properly be overcome . . . The

remedy provided is extraordinary, and [only] special

circumstances may justify granting relief under it." Tischio v.

Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998). The

application of this rule to the present motions by class members

---

and reserved decision on the motions regarding Ms. Aguiar and
Armatura. [Docket Item 266.]

to be relieved from the final approved settlement and judgment
is discussed below.

**IV.  DISCUSSION**

The primary argument advanced by both Ms. Aguiar and
Armatura is that neither the parties nor their counsel received
individual notice of this suit until after the deadline to opt
out of the Settlement had passed, despite the fact that both
were engaged in active litigation with Caterpillar in the Texas
state courts. (See Aguiar Motion [Docket Item 223] at 2-3,
Armatura Motion [Docket Item 225] at 9.) In both cases,
Plaintiffs argue that they should be permitted to opt out of the
Settlement after the deadline because Caterpillar was reasonably
aware of their claims, identity, and contact information, yet
failed to assure that they received notice even while defending
their lawsuits. Caterpillar takes the position that neither
constitutional due process nor Rule 23 require that class
members receive actual notice of a class settlement, and that
neither Ms. Aguiar nor Armatura can show excusable neglect.

The principal questions to be decided are (1) whether the
court-approved notice to the class complied with the demands of
the Constitution and Rule 23, and (2) whether under the
circumstances of class members in active litigation, the class
members have demonstrated excusable neglect entitling them to
file a late opt-out notice. For the following reasons, the Court

finds that the class notice was adequate under the Constitution, but that these parties have demonstrated good cause to recognize their continuation of litigation during the opt-out period as a de facto opting out for which fairness requires permitting the filing of a formal opt-out notice.

Because a class action certified under Rule 23(b)(3), like the settlement class here, binds the rights of all members unless they expressly opt out, Rule 23 requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(3). This does not mean that actual, individual notice to class members is always necessary. Rather, all that due process requires is that notice "must be such as is reasonably calculated to reach interested parties" and "apprise [them] of the pendency of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 318 (1950). The adequacy of notice hinges on whether the class as a whole received constitutionally-sufficient notice, not whether every class member received actual notice of the action and proposed settlement. See United States v. One Toshiba Color Television, 213 F.3d 147, 150 (3d Cir. 2000) (en banc) ("Moreover, the Supreme Court has never required the demonstration of actual notice. At all events, the jurisprudence of constitutional

notice appropriately focuses not on what actually occurred, but rather on the procedures that were in place when notice was attempted."); In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litig., 89 Fed. Appx. 314, 316 (3d Cir. 2003) ("The Supreme Court has made clear that it has not 'required actual notice,' and stated that the appropriate inquiry involves the 'reasonableness and hence the constitutional validity of any chosen method.'"); In re Prudential Ins. Co. of America Sales Practices Litig., 177 F.R.D. 216, 233 (D.N.J. 1997) (noting that Supreme Court holdings on notice in class actions require "that the method of dissemination of class notice must include individual notice rather that require receipt of individual notice.") (emphasis in original); In re Prudential Securities Inc. Ltd. Partnerships Litig., 164 F.R.D. 362, 368 (S.D.N.Y. 1996), aff'd, 107 F.3d 3 (2d Cir. 1996) ("It is widely recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected."); In re VMS Ltd. Partnership Securities Litig., Case No. 90-C-2412, 1995 WL 355722, at *2 (N.D. Ill. June 12, 1995) ("The proper inquiry in cases challenging notice is whether the party providing notice acted

reasonably in selecting the means likely to inform persons affected, not whether each person actually received notice.").

The fact that two class members apparently did not receive individual notice packets from the Settlement Administrator in this case does not change this Court's determination that the notice program on the whole constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23 and due process. As set forth in the Declaration of Cameron R. Azari in support of the parties' motion for final approval of the class settlement [Docket Item 218-3], the Settlement Administrator prepared individual notice to mail to class members based on data provided by the parties, derived from the warranties on the Subject Engines. This notice was supplemented with notices placed in trucking and motor coach publications, spots aired during a radio program targeted to professional truck drivers, sponsored search listings on three internet search engines, a press release, a neutral settlement website, an automatic toll-free telephone system, and postal mailing and e-mail addresses. (See Azari Decl. at 4-8.) Such a plan was "within the limits of practicability," Mullane, 339 U.S. at 314, using the warranty database as the source for individual notice. There is authority that due process and Rule 23 do not require "that counsel of class members pursuing individual actions are entitled to notice of the opt out

deadline." In re Prudential Sales Practices Litig., 177 F.R.D. at 240, aff'd on other grounds, 148 F.3d 283 (3d Cir. 1998). Thus, lack of individual notice of the proposed class settlement to counsel for potential class members who are already in individual litigation does not preclude a finding that the overall notice scheme was reasonable and comported with due process. But such lack of individual notice may be a factor to consider when determining whether that potential class member shows excusable neglect in a motion to belatedly opt out of the settlement class and final judgment, as now discussed.

A class member may still be relieved of a binding class settlement under certain circumstances. "The District Court retains the 'ultimate responsibility' for the protection of class members" even after a class settlement is finalized, and exercises equitable power over the disposition of the settlement – including extending deadlines by which a class member must opt in or out of a settlement - in order to implement the settlement fairly. In re Cendant Corp. Prides Litig., 233 F.3d 188, 194–95 (3d Cir. 2000). Courts in the Third Circuit analyze "late claims in class actions under the rubric of whether the claimant has shown excusable neglect," and look to four factors in that equitable inquiry: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including

whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." <u>In re Orthopedic Bone Screw Prods. Liab. Litig.</u>, 246 F.3d 315, 321-323 (3d Cir. 2001). The Court applies this four-pronged equitable test to each of these movants, Janie A. Aguiar and the Armatura Parties.

**A. Janie A. Aguiar**

It is undisputed that Ms. Aguiar is a member of the settlement class, and that the products liability claims in her state court action are covered under the terms of the Settlement. Ms. Aguiar contends principally that she never received notice of the Settlement because her business, Nevada Trucking, has closed, and because the mailing address at which she receives personal and business mail has changed. Ms. Aguiar also urges this Court to find that Caterpillar acted inequitably because it continued to litigate the Texas action, encaptioned <u>Janie A. Aguiar d/b/a Nevada Trucking v. Caterpillar, Inc., Rush Truck Centers of Texas, Inc., and PACCAR, Inc. d/b/a Peterbilt Motor Company</u>, Cause No. 2012-CI-11367 (45th Judicial District Court of Bexar County, Texas), after the deadline to opt-out had passed, and Caterpillar's counsel in Texas never mentioned the pendency of the proposed class action settlement that would end their case if she did not opt out.

Ms. Aguiar's argument about her mailing address is unavailing: despite the fact that the city of San Antonio

changed the name of her street from Old Highway 90 West to West Enrique M. Barrera Parkway, her physical address – where she both resides and used to conduct Nevada Trucking's business affairs – has remained the same since she purchased Subject Engines, and she receives mail sent to the attention of <u>both</u> addresses at that location. (<u>See</u> Plaintiff's Supplement to Motion for Leave to Opt Out of Class Action Settlement at ¶¶ 2-5.) In any event, it is undisputed that the claims packet in this case was sent to the current Enrique M. Barrera Parkway address. (Claim Form [Exhibit B to Certification of James Keale, Docket Item 235-3].) Caterpillar did not, as Ms. Aguiar contends, "have actual information about the reliability of information for a specific class member at a specific address and choose to ignore it." (Pl. Supp. at ¶ 9.) Moreover, Ms. Aguiar's counsel conceded at the January 27 argument that his client "knew of" this class action, but thought that she had already opted out. Thus, her attorney mistakenly assumed Ms. Aguiar had opted out of the settlement when she had not. On the whole, Ms. Aguiar is unable to substantiate her claim that she should be relieved of the opt-out deadline because she was wholly unaware of this case.

On the other hand, Ms. Aguiar's counsel learned of the miscommunication and wrote to class counsel promptly, prior to the final approval hearing in September, 2016. As noted, Ms.

Aguiar's desire to opt out late was known at that time and her rights to present a motion were preserved as the Court approved the class settlement.

Moreover, Ms. Aguiar was prosecuting litigation in Texas of several years' duration which was approaching trial. (Aguiar Motion at ¶ 2.) Caterpillar continued to defend in Texas throughout the opt-out period, making the assumption that Ms. Aguiar must have opted out of this class settlement. Thus, Caterpillar's legal team suspected that Ms. Aguiar was opting out and that her case would survive the class settlement. It was clear that Ms. Aguiar and her attorney also wished to opt out, but her attorney incorrectly assumed she was filing the opt-out form. Caterpillar's counsel clarified at the oral argument that Caterpillar did not learn which specific class members, if any, had opted out until the Settlement Administrator advised all counsel after the opt-out deadline passed. Of course, Caterpillar's counsel in Texas could have clarified the situation by simply timely asking the question of opposing counsel in the contested litigation: "Is your client accepting the class settlement?"

On balance, Ms. Aguiar has shown excusable neglect under the Orthopedic Bone Screw factors, supra. The danger of prejudice to Caterpillar is slight; Caterpillar thought it would still have to defend Ms. Aguiar's case and now it shall. Ms.

Aguiar acted promptly on realizing her confusion or mistake in not filing the opt-out notice. The reason is understandable as Ms. Aguiar focused on prosecuting her case and Caterpillar's counsel was silent about the settlement process. Ms. Aguiar acted in good faith in the sense that she did not willfully miss the opt-out deadline and her attorney pursued litigation against Caterpillar in conformity with opting out. Further, this extension was brought to the Court's attention before final class certification and settlement approval were granted, and Ms. Aguiar's motion followed shortly thereafter.

The Court, in summary, is persuaded that Ms. Aguiar made a legitimate mistake, intending to opt-out while pursuing her individual case instead, and she has met her burden of showing excusable neglect. Her motion for leave to file a late opt-out statement will be granted.[3]

### B. Armatura

Armatura LLC, Petrochem Transport, LLC, Chris Wright, and PTI Logistics, Inc., d/b/a Rio Logistics (collectively, "Armatura")'s Texas suit against Caterpillar and Rush Truck Centers of Texas, L.P. d/b/a Rush Truck Center-Pharr and T.W. Hedfelt (collectively, "Rush") sounds generally in consumer and

---

[3] Accordingly, Ms. Aguiar's emergency motion for an extension of time to file a claim form [Docket Item 269] will be dismissed as moot.

common law fraud, arising from alleged misrepresentations made by Rush and its employees made about Subject Engines known to be defective. The Texas suit is encaptioned <u>Armatura, LLC Petrochem Transport LLC, Chris Wright, and PTI Logistics, Inc. d/b/a Rio Logistics v. Rush Truck Centers of Texas, L.P. d/b/a Rush Truck Center – Pharr, T.W. Hedfelt, and Caterpillar, Inc.</u>, Cause No. 2014-DCL-06908 (404th Judicial District Court of Cameron County, Texas). Armatura claims that it did not learn of this class action until September 7, 2016, shortly after the deadline by which to opt out of the Settlement had passed. Armatura raises three arguments in support of its motion for leave to opt out of the class action settlement: first, that it would be a violation of its right to due process to bind it to a class action settlement without adequate notice; second, that the claims in the Texas action are not covered by the Settlement here; and third, that it can demonstrate excusable neglect.

As discussed above, Armatura's position that it was entitled to actual notice because it was engaged in a separate litigation with Caterpillar is without merit. Caterpillar discharged its duty under Rule 23 and the Constitution to disseminate individual notice to "class members whose names and addresses may be ascertained through reasonable effort," <u>Eisen v. Carlisle and Jacqueline</u>, 417 U.S. 156, 173 (1974), by providing the Settlement Administrator with contact information

from Subject Engine warranties. The Third Circuit instructs this court to "focus[] not on what actually occurred, but rather on the procedures that were in place when notice was attempted." One Toshiba Color Television, 213 F.3d at 150. That some class members, like Armatura, chose not to purchase warranties for their Subject Engines and missed out on direct-mailed notices does not change that this was a reasonable effort, under the circumstances, to locate and notify all class members. In fact, as Armatura notes in its papers, the original owners of their Subject Engines held warranties for their trucks and received notice in this action, further bolstering the notion that the notice program attempted to reach all class members within the bounds of the program agreed to by class counsel and approved by this Court.

While the notice protocol exceeded the constitutional and Rule 23 minima, there are good grounds for finding excusable neglect. First, Armatura's counsel, while aware of the potential class action litigation at its early stage in 2013, was unaware of the proposed class settlement until September 7, 2016, a few weeks after the opt-out deadline passed. Armatura continued to pursue its case in Texas throughout the opt-out period unaware and uninformed by Caterpillar's counsel of the approaching deadline where failure to opt out would end that case. Even if Caterpillar counsel had no duty to inform Armatura of the class

settlement deadline, it is not fair to foreclose a party with no actual notice of the settlement process, who continued to litigate and learns of the opt-out deadline too late, to have no relief. By litigating throughout the opt-out period, Armatura essentially opted out, as was its intent when belatedly informed of the opportunity.

Although the notice protocol approved by this Court did not require specific notice to plaintiffs pursuing individual cases, that does not foreclose Armatura from proving excusable neglect. The equities again balance in favor of granting this relief under the <u>Orthopedic Bone Screw</u> test. The prejudice to Caterpillar, that it must defend litigation that it was defending anyway, is not undue; its own counsel in Texas could have asked for clarification since he knew of the opt-out deadline. Likewise, there is no prejudice to Intervenors Rush and T.W. Hedfelt, who expected until Armatura's motion that they would have to defend Armatura's Texas suit and who contributed nothing to the settlement fund in this case. The delay was short before Armatura filed this motion, as the claims process was just getting underway and permitting this opt-out does not interfere with that process. The actual reason for the delay was lack of notice of the settlement, since Armatura was not an original owner and had no warranty. Lastly, Armatura has displayed good faith and the intention to individually litigate

its trial-ready claims against Caterpillar, Rush, and T.W. Hedfelt, with no indication of inequitable conduct on its part.

Therefore, its motion will be granted, and Caterpillar's motion to enforce judgment against Armatura will be denied.[4]

## V.   CONCLUSION

In light of the foregoing, the Court concludes that both Texas Plaintiffs shall be permitted to file late opt-out notices and will not be bound by the Settlement Agreement because they have shown excusable neglect in missing the existing deadline. An accompanying Order will be entered.


__June 30, 2017__                          __s/ Jerome B. Simandle__
Date                                       JEROME B. SIMANDLE
                                           U.S. District Judge

---

[4] And, accordingly, Armatura's emergency motion for an extension of time to file a claim form [Docket Item 268] will be dismissed as moot.